
TELLER and others *vs.* VAN DEUSEN and others.

Where a number of persons, claiming to have a title to property which was in litigation, entered into an agreement and severally advanced money to carry on the litigation, and some of them afterwards brought suits at law to recover back the monies so paid, the court refused to sustain an injunction to stay the proceedings at law.

No injunction can be granted to stay a suit at law, unless the complainant states in his bill the situation of the suit, as required by the 33d rule.

THE bill in this cause was filed by Rem Remsen Teller and one hundred and forty others, claiming to be heirs, devisees or descendants of Annetje Jans, against A. S. W. Van Deusen and fifteen others, for the specific performance of an agreement to prosecute a claim of all the parties against the Trinity church, for the recovery of an undivided portion of the lands confirmed to the heirs of Annetje Jans in 1667, and of the rents and profits thereof; and also to restrain the defendants severally from recovering back $25, which each of them had paid to the complainant R. R. Teller, their agent, as a part of the common fund to pay the expense of prosecuting the claim aforesaid against the church. The bill stated that suits had been commenced by the defendants, and particularly one by the defendant A. S. W. Van Deusen, in the marine court ; but it did not state the particular situation of the suits, or whether an issue had been joined therein. The master, however, had allowed a general injunction, restraining the further prosecution of the suits. A motion was now made, on the part of the defendant Van Deusen, to dissolve the injunction with costs, or for such other order in the premises as was proper ; which motion was founded on the matter of the bill and the injunction only.

*H. Rogers,* in opposition to the motion, made the following points :

1. That the bill presented the case of cestuis que trust, whose rights and interests others of the cestuis que trust under the same trust agreement are seeking to defeat, by suits

VOL. III. 5

November 7.

1831.

Teller
v.
Van Deuzen.

at law against their common trustee, in which the complainants are not parties, and yet may lose all benefit of the common trust fund.

2. That the expense of a defence to the suit in the marine court was not the only reason for the interference of the court.

3. That the case did not come within the 33d chancery rule.

4. That the bill did not shew a perfect defence, or any defence, to the suits at law.

5. That the sum in controversy exceeded the sum necessary to give jurisdiction to the court.

*J. Inman & M. Sanford,* for the defendant, urged the following points in support of the motion :

1. That it did not appear from the bill that the defendant Van Deusen, on whose behalf only this motion was made, was a party to the agreement set forth in the bill.

2. That it did not appear from the bill that the sum of twenty-five dollars, which was the subject of the suit in the marine court, was paid by Van Deusen under or in fulfilment of that agreement.

3. That the amount in controversy in the suit which had been stayed by the injunction was less than the minimum of this court's cognizance, to wit, 100 dollars, the amount in controversy in that suit being only 25 dollars.

4. That the bill does not present such an equitable case as to call for the interposition of this court by injunction, nor is the trust fund of a character so sacred as to call for such high authority for its preservation.

5. That the reason alleged in the bill for such aid is unfounded ; to wit, the expense of a successful defence in the marine court, the expense in this court being far greater.

6. That the bill not seeking a discovery in aid of a defence at law, such an injunction should not have been granted. (33d *Chancery Rule.*)

7. That the bill shews a perfect defence at law in stating that the agreement set forth in the bill is in force and irrevocable.

THE CHANCELLOR. The agreement stated in the complainant's bill is not set out with sufficient certainty to enable the court to determine whether it is a valid agreement, or whether it is void as against the statute of champerty and maintenance. It is very evident, however, that if the agreement forms any defence against the recovery back of the $25, which has been paid under the same, it is a legal defence which the complainants may avail themselves of in the suit against their agent in the court of law. It is at least doubtful whethis court ought in any case to enforce the specific performance of an agreement entered into by a combination of individuals having a common interest to prosecute a contested claim. But certainly this court will not interfere, where it appears that some of the parties to the agreement have no interest in the controversy. Whether a party who has paid money under such an agreement can recover it back, is a question which must be left to the courts of law where the suits are pending. There is not sufficient equity in the bill to authorize the granting of a preliminary injunction.

There is another objection to this injunction in point of form, which is equally fatal. The bill does not state whether issue is joined in the suit at law or otherwise, so as to enable the injunction master to determine whether to take security under the statute, or to insert a provision in the injunction authorizing the defendants to proceed to trial and judgment at law, according to the 33d rule of this court. As this was not a mere bill of discovery but a bill for relief also, if no issue was joined in the suit at law it was irregular to allow a general injunction without inserting the provision allowing the party to proceed to trial and judgment; and if an issue had been joined the master had no authority to allow the injunction, without taking the security required by the statute. (*Jenkins* v. *Wilde*, 2 *Paige's Rep.* 394.)

The injunction must therefore be dissolved with costs, so far as it affects the defendant Van Deuzen. As the other defendants have not joined in this application, and have no common interest with him in the prosecution of the suits at law to recover back their several payments, the injunction, so far as it affects their rights only, cannot be dissolved on the application of this defendant.